UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| LAWRENCE L. JOHNSON, | ) |
| Petitioner, | ) Case No. 1:06-cv-777 |
| v. | ) Honorable Robert Holmes Bell |
| MICHIGAN PAROLE BOARD, | ) |
| | ) **MEMORANDUM OPINION** |
| Respondent. | ) |

This habeas corpus action is before the court on petitioner's objections to the report and recommendation of the magistrate judge. Acting pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the magistrate judge reviewed the petition and attachments and recommended that petitioner's habeas corpus challenge to the decision of the parole board not to release him on parole be dismissed for failure to raise a meritorious federal claim. The magistrate judge concluded that a Michigan prisoner has no liberty interest in being released on parole and that the presence of specific parole guidelines in the governing statute does not change this result. Petitioner has filed timely objections, which this court must afford *de novo* review. FED. R. CIV. P. 72(b).

Upon *de novo* review, the court concludes that petitioner is plainly not entitled to relief. The only subject of his petition is the parole board's decision, reached in December of 2005, not to release petitioner on parole. In order to state a viable habeas corpus claim arising from the denial of release on parole, a prisoner must first establish the existence of a liberty interest. *See Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 235 (6th Cir. 1991).

The due-process guarantees of the Fourteenth Amendment only attach to recognized liberty or property interests; in the absence of such a recognized interest, a person cannot claim entitlement to any particular process. *Id.* As the magistrate judge correctly noted, the Sixth Circuit Court of Appeals has repeatedly held that release on parole in the Michigan system is discretionary and that a prisoner has no liberty interest in being released on parole. *See, e.g., Sweeton v. Brown*, 27 F.3d 1162, 1164-65 (6th Cir. 1994) (*en banc*). Petitioner concedes that a prisoner has no inherent right to release on parole, but nevertheless argues that amendments to the Michigan parole statute enacted in 1994 create a liberty interest once a prisoner has been scored, under parole guidelines, as having a "high probability of parole." Specifically, petitioner relies on the provisions of Mich. Comp. Laws § 791.233e(6), which grants the parole board discretion to depart from the parole guideline by denying parole to a prisoner who has a "high probability of parole" only for "substantial and compelling reasons stated in writing." Petitioner argues that this statute so restricts the parole board's discretion that the Michigan system now is analogous to those parole schemes that the Supreme Court has determined create a liberty interest. *See, e.g., Bd. of Pardons v. Allen*, 482 U.S. 369 (1987).

Petitioner's argument is unavailing. A prisoner has a liberty interest in the possibility of parole if, but only if, state law creates a legitimate expectation of parole release by use of *mandatory language* limiting the discretion of the parole board. *Allen*, 482 U.S. at 377-78. The Michigan parole statute, even as amended in 1994, contains no mandatory language requiring release on parole in any circumstances. The Michigan statutes merely define those prisoners not eligible for parole and list factors that the parole board may or may not consider in its decision to grant or deny parole, without directing a specific result. *See* MICH. COMP. LAWS §§ 791.233b, 791.234, 791.235.

The statute makes release on parole expressly discretionary. MICH. COMP. LAWS § 791.234(7). The provisions upon which petitioner relies create no *substantive* predicate to release on parole. Rather, the statute is completely procedural in nature. The statute does not require, in mandatory terms, the release of a prisoner with a "high probability" score; rather, it only imposes the procedural requirement that a parole board state compelling reasons in writing. As noted by the magistrate judge, the Sixth Circuit Court of Appeals has examined the Michigan parole system in numerous unpublished cases since the 1994 amendments, and has consistently held that no liberty interest in parole exists in the Michigan system. *See, e.g., Carnes v. Engler*, 76 F. App'x 79, 80 (6th Cir. 2003).

In his objections, petitioner further argues that, even in the absence of a liberty interest, the decision of the parole board may be challenged as arbitrary and capricious. Although petitioner is technically correct, he has failed to state a claim for relief under this exacting standard. The arbitrary and capricious standard is the most deferential standard of review of agency action. *Mich. Bell Tel. Co. v. MCI Metro Access Trans. Serv., Inc.*, 323 F.3d 348, 354 (6th Cir. 2003). The agency decision will be upheld under this standard if it is supported by a reasoned explanation, based on the record as a whole. *Id.* The facts set forth in petitioner's own attachments undermine any argument that the parole board's decision in this case was arbitrary and capricious. The petition and its attachments show that petitioner is serving a sentence of 3½-to-30 years for involuntary manslaughter, along with a 2-to-5-year sentence for being a felon in possession of a firearm. These charges arose from an incident that took place in November 2001, when petitioner "took out his gun and started waving it around" at a party. The gun discharged and struck the victim in the chest, killing him. (Parole Eligibility Report, docket # 1, Ex. 3 at 1). The manslaughter sentence was

enhanced by a finding that petitioner was a prior felony offender, based on two previous felony convictions, one involving assaultive behavior and the other involving controlled substances. *Id.* The record indicates that the parole board had before it both aggravating factors (*e.g.*, petitioner's two major misconduct convictions) and mitigating factors (petitioner's successful completion of prison education and rehabilitation programming). The parole board's decision (docket # 1, Ex. 9) found that the board lacked reasonable assurance that petitioner would not become a menace to society or to public safety, setting forth its reasons as follows:

> P fails at interview to show remorse. Minimizes his actions. Still claims murder was just an accident. Can't explain why he was carrying a weapon, despite 2 prior felony convictions. Despite therapy completion, P fails to convince he is not a risk.

(*Id.* at 1). The parole board also noted that petitioner's crime resulted in the loss of life and involved discharge of a weapon and that his criminal history included drug and alcohol-related crimes. The misconduct convictions were also noted. *Id.* On this record, it is impossible to conclude that the decision to deny petitioner release on parole was "arbitrary and capricious." The parole board's decision involved a predictive judgment concerning the future threat posed by petitioner, who had taken a human life after two previous felony convictions. The parole board's decision is reasoned and is supported by appropriate findings and evidence.

**Conclusion**

Upon *de novo* review, the court concludes that the report and recommendation of the magistrate judge was correct and that petitioner's objections lack merit. The habeas corpus petition will therefore be summarily dismissed pursuant to Habeas Rule 4.

Date:    April 10, 2007              /s/ Robert Holmes Bell
                                     ROBERT HOLMES BELL
                                     CHIEF UNITED STATES DISTRICT JUDGE